Gloria Gideon and Bobby Gideon sued Norfolk Southern Railway Company for the wrongful death of their son, Jamal Gideon. A jury awarded the Gideons punitive damages in the amount of $500,000. The trial court overruled Norfolk Southern's motion for a new trial. Norfolk Southern appeals from a judgment based on that verdict.
Norfolk Southern first contends that the trial court erred by denying its motion for a new trial based on the trial court's determination that Norfolk Southern's strike of veniremember J.A. violated the principle of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Page 312 
At trial, the Gideons made an objection, pursuant toBatson, to Norfolk Southern's use of peremptory strikes against two potential black jurors. The trial court did not require the Gideons to establish a prima facie case of discrimination, but simply requested that counsel for Norfolk Southern state reasons for both peremptory strikes. Without objecting, Norfolk Southern offered explanations for both strikes. The trial court reinstated one of the potential black jurors to the venire.
We note that, initially, the party alleging discriminatory use of peremptory challenges bears the burden of establishing a prima facie case of discrimination. Ex parte Branch,526 So.2d 609, 622 (Ala. 1987). After a prima facie case has been established, there is a presumption that the peremptory challenges were used to discriminate against black jurors. Exparte Branch, 526 So.2d at 623. Where, as in this case, the trial court requires the opposing counsel to state reasons for the peremptory strikes, without first requiring that a prima facie case of discrimination be shown, this Court will review the reasons given and the trial court's ultimate decision on the Batson motion without any determination of whether the moving party met its burden of proving a prima facie case of discrimination. Hernandez v. New York, 500 U.S. 352,111 S.Ct. 1859,114 L.Ed.2d 395 (1991); McLeod v. State, 581 So.2d 1144
(Ala.Cr.App. 1990). When the trial court has required a party to state reasons, that party must articulate a clear, specific, and legitimate reason for the challenge that relates to the particular case to be tried and that is nondiscriminatory. Exparte Bird, 594 So.2d 676, 679 (Ala. 1991), quoting Batson,476 U.S. at 97, 106 S.Ct. at 1723. Once the responding party has articulated a race-neutral reason or explanation for eliminating the black jurors, the moving party can offer evidence showing that the reason or explanation is merely a sham or pretext. Ex parte Branch, 526 So.2d at 624. When the trial court has followed this procedure, its determination will be overturned only if that determination is clearly erroneous.Ex parte Branch, 526 So.2d at 625.
Accordingly, we will review the relevant portions of the record in determining whether the trial court's determination was clearly erroneous. Counsel for Norfolk Southern stated that it struck black veniremember J.A. because he worked for the Dunlop Tire Company, where a witness was also employed, and because J.A. was probably a union member and union members, counsel said, are generally more "plaintiff-oriented." The record shows that counsel for Norfolk Southern did not question J.A. directly during voir dire. Further, the panel was never asked whether any were union members. Finally, the panel was asked whether they knew the particular witness in question or whether they knew anything about the case. J.A. did not answer affirmatively to either question.
We conclude that the trial court's determination that juror J.A. was struck for discriminatory reasons is not clearly erroneous. Counsel for Norfolk Southern did not engage in any meaningful voir dire on which it could base its explanations. This provided the trial court a proper basis for holding that Norfolk Southern had failed to provide legitimate race-neutral reasons for its strike.
Norfolk Southern also contends that the trial court erred by denying its motion for a new trial based on statements made by two jurors in affidavits obtained after the trial.
Generally, affidavits are inadmissible to impeach a jury's verdict. An affidavit showing that extraneous facts influenced the jury's deliberations is admissible; however, affidavits concerning "the debates and discussions of the case by the jury while deliberating thereon" do not fall within this exception.CSX Transp., Inc. v. Dansby, 659 So.2d 35, 41 (Ala. 1995);Alabama Power Co. v. Turner, 575 So.2d 551, 557 (Ala. 1991). After thoroughly reviewing the affidavits obtained from the jurors in this case, we conclude that they concern the "debates and discussions" involved in the jury's deliberations and thus are not admissible to impeach the jury's verdict. Therefore, the trial court did not err in denying Norfolk Southern's motion for a new trial. *Page 313 
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
COOK and BUTTS, JJ., concur.
HOOPER, C.J., and HOUSTON, J., concur in the result.